# IN THE COURT OF APPEALS OF IOWA

No. 16-0479
Filed August 31, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBIN RUSHELLE DEWITT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

Robin DeWitt appeals her sentence, contending the district court abused its discretion. **AFFIRMED.**

Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Robin DeWitt pled guilty to driving while barred. The district court sentenced her to two years in prison in addition to imposing a fine, surcharges, fees, and court costs. On appeal, DeWitt contends the district court "was too harsh when it sentenced [her] to the maximum possible penalty."

We discern no abuse of discretion in the court's sentence. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The district court's detailed statement of reasons for the sentence included a discussion of DeWitt's prospects for rehabilitation and the need to protect the community from further offenses. *See* Iowa Code § 901.5 (2015). The court found it "offensive" that DeWitt was appearing before the court on her eighth driving-while-barred conviction—a number which, in the court's view, reflected "a stubborn refusal to be law abiding." Less than a year earlier, according to the court, DeWitt was adjudicated guilty of the same crime and was placed on probation, only to drive while barred while still on probation. The court acknowledged "arguably mitigating circumstances," such as DeWitt's commitments to her family, but found that DeWitt "chose[] to jeopardize those opportunities and obligations by stubbornly refusing to quit driving around while [her] license is barred." The court also cited DeWitt's convictions for "other crimes": "multiple thefts, a forgery, a couple OWIs." Finally, the court reiterated DeWitt's "long-standing refusal to be law abiding." The sentence "conform[ed] to the goals of the sentencing process, and was not based on reasons that were untenable." *See Formaro*, 638 N.W.2d at 725.

**AFFIRMED.**